[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On May 10, 2002, the plaintiff, Wells Fargo Bank Minnesota, as trustee, filed a foreclosure action against the defendant, Patricia Hubyk.[1] The plaintiff seeks to foreclose a mortgage securing a note on 108 New Haven Road, Seymour, CT., property owned by the defendant. The plaintiff alleges that it holds the note and mortgage "by assignment proposed for recording in the Seymour Land Records." (Amended Complaint, ¶ 5.) The plaintiff further alleges that the note is in default and that it has elected to accelerate the balance due on the note and foreclose the mortgage securing the note.
On June 14, 2002, the defendant filed the present motion to dismiss and a memorandum of law in support thereof. The defendant moves to dismiss the action on the ground that the court lacks personal jurisdiction over her because she did not receive sufficient service of process as she was not served in hand or at her usual place of abode.
On July 1, 2002, the plaintiff filed an objection to the defendant's motion to dismiss and a corresponding memorandum of law. The plaintiff objects on the ground that the court does have personal jurisdiction because the defendant was served at her usual place of abode.
The court need not address the merits of the defendant's motion to dismiss because the plaintiff does not have standing to bring this action. "[A] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . This court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the CT Page 12632 court sua sponte, at any time. . . . Moreover, [t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . . Standing [however] is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Citations omitted; internal quotation marks omitted.) Webster Bank v. Zak, 259 Conn. 766, 774-75, 791 A.2d 552
(2002).
The plaintiff does not have standing because the assignment of the mortgage was not recorded on the Seymour land records. General Statutes § 47-10 provides in pertinent part that: "No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies." "Because the wording of 47-10 has remained in essentially the same form since the 1800s, we may presume legislative acquiescence in our interpretation of the mortgage lien statute. [Ilts subsequent nonaction may be understood as a validation of that interpretation." (Internal quotation marks omitted.) Family Financial Services, Inc. v. Spencer,41 Conn. App. 754, 761, 677 A.2d 479 (1996). "Mortgages have always been regarded as conveyances of land within the meaning of the recording statute. . . . The assignment is in effect a conveyance of the land included in the mortgage. . . . That an assignment of a mortgage falls within the purview of the recording statute follows from the nature of such an instrument. . . ." (Internal quotation marks omitted.) Id.
The issue of whether a mortgage assignment must be recorded before a foreclosure action could be brought was addressed in Family FinancialServices, Inc. v. Spencer, supra, 41 Conn. App. 760. In that case, the plaintiff sought to foreclose on a property owned by the defendant. The defendant responded by citing in third parties against whom the defendant brought a counterclaim. Id., 755. The trial court concluded that the third parties were the actual mortgagors. Id. As an assignment of the mortgage from the third party to the plaintiff was never properly recorded, the trial court determined that the plaintiff did not have standing to bring the foreclosure action. Id., 758. The Appellate Court held that "the trial court properly found that § 47-10 applies to the purported assignment by the [third parties] to the plaintiff and that the assignment . . . needed to be recorded on the land records in order to be effective against the defendant." Id., 762.
In the present case, the plaintiff alleges in paragraph five of its CT Page 12633 amended complaint that the assignment is to be recorded on the Seymour land records. Furthermore, the plaintiff has not provided the court with any documentation to demonstrate that it has, in fact, been assigned the mortgage at issue. Because the assignment of the mortgage was not filed when this foreclosure action was commenced, the plaintiff does not have standing to commence or maintain this cause of action, thereby depriving this court of subject matter jurisdiction.
The plaintiff's action to foreclose is dismissed without prejudice.
The Court
By Curran, J.